UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MARC STOUT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-896 |
| | ) | |
| SGT REYES, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant Sgt. Reyes, by counsel, submits this Reply to the memorandum filed by Plaintiff Marc Stout ("Plaintiff") in opposition to Sgt. Reyes' motion to dismiss.

**INTRODUCTION**

Plaintiff's response brief is rife with new alleged facts that are both improper and do little to show his Complaint should not be dismissed with prejudice. Indeed, even if the Court were to consider the additional facts improperly included in Plaintiff's memorandum, they paint a more accurate picture of Plaintiff's behavior and intention on the date in question. These facts show that he did something none of the other protesters at the courthouse did: put himself as close to law enforcement officers as possible, then engaged in antagonistic behavior. It is without question Plaintiff intended to cause an annoyance while on a public conveyance. While he debates whether his actions had the tendency to cause the object of his actions to respond with violence, his opinion is irrelevant. All that matters is whether a reasonable officer in Sgt. Reyes' position would believe a crime had been committed. All elements of the crime need not be present or known to the objective officer, and the fact that Plaintiff was later acquitted of disorderly conduct plays no role in determining whether probable cause for arrest exists.

1

Plaintiff also fundamentally misunderstands probable cause. He, somewhat obliquely, argues that because he was not arrested or convicted of another crime, it proves probable cause did not exist. This, however, ignores well-settled case law that holds probable cause is a purely objective standard, meaning the crime charged is of no importance. The Court must look at the *totality of the circumstances* and decide whether a reasonable officer would believe *any* crime had been committed. The result of any criminal trial has no bearing on a probable cause determination. As Plaintiff has admitted to telling officers he had drugs and making threatening gestures towards officers, and generally causing a disturbance on a politically charged day, it is without a doubt a reasonable officer would have probable cause to arrest him for some crime.

Plaintiff has also failed to refute Reyes' argument that the Complaint is entirely devoid of a viable defamation claim. Plaintiff simply recited some of the bare elements of a defamation claim. He did not include the alleged defamatory words. Thus, the Complaint fails under both Virginia and Federal pleading standards.

For these reasons, the Court must dismiss the Complaint with prejudice.

### REITERATION OF THE FACTS FROM THE COMPLAINT[1]

Given that the bulk of Plaintiff's response memorandum contains factual allegations not contained in the Complaint, Sgt. Reyes wished to provide the Court with a brief summary of the allegations at issue in the present suit:

- Plaintiff arrived at the courthouse on the date in question with a purpose. (Compl. at ¶¶ 10, 11.)

- Throughout the day, Plaintiff engaged in "politically-charge speech directed at the police" and "various methods of non-verbal expression. (Compl. at ¶¶ 15, 16.)

- Plaintiff engaged in the following conduct: yelling at Sgt. Reyes and other law

---

[1] Sgt. Reyes again only recites the allegations set forth in the Complaint for purposes of this motion and does not admit their truth.

- enforcement officers present; challenging the officers to arrest Plaintiff; threatening to blow marijuana smoke into the officers' faces; shadow boxing at the officers; climbing on the courthouse; jumping around; throwing water around, including at a police cruiser; and attempting to enter an occupied police cruiser. (Compl. at ¶ 18.)

- Sgt. Reyes arrested Plaintiff for disorderly conduct. (Compl. at ¶ 17.)

- Sgt. Reyes and other law enforcement officers made "defamatory, embarrassing, and humiliating character statements about [Plaintiff] and [Plaintiff's] arrest. (Compl. at ¶ 20.)

- Sgt. Reyes contacted the local paper regarding Plaintiff's arrest. (Compl. at ¶ 21.)

## ARGUMENT

**I.     Plaintiff's Response Contains Allegations Not Included in the Complaint, Which Must Be Ignored.**

The bulk of Plaintiff's twelve-page opposition memorandum violate proper procedure for a motion under Fed. R. Civ. P. 12(b)(6). Plaintiff's brief includes innumerable facts not pled in his Complaint. This is improper because "it is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." *Mylan Lab., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101. 1107 (7th Cir. 1984)). *See also JTH Tax Inc. v. Williams*, 210 F. Supp. 2d 648, 654 (E.D. Va. 2018) (refusing to consider additional or contradictory factual allegations found in an opposition to a motion to dismiss). Thus, to the extent that Plaintiff seeks to use his response in opposition to augment or amend the factual allegations in the Complaint, this is procedurally improper. And while it is true that the Court must construe Plaintiff's Complaint liberally because he is *pro se*, the Court cannot act *sua sponte* as Plaintiff's advocate and assist him in developing claims he failed to raise in his Complaint. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Consequently, the Court must ignore the new factual allegations contained in Plaintiff's response brief.

Furthermore, these new factual allegations further underscore the lack of viability of any

3

claims Plaintiff may bring. Plaintiff admits that, unlike any other protester at the courthouse that day, he was on the sidewalk directly outside. Pl.'s Br. at 4 (ECF No. 12). An objective law enforcement official would only see this as evidence that Plaintiff had an intention to antagonize and disrupt not simply protest. Indeed, a reasonable officer would perceive the proximity of Plaintiff's actions as intent to incite a violent response from officers. This only adds a layer of legitimacy to the probable cause for Plaintiff's arrest for disorderly conduct. As detailed in Sgt. Reyes' initial brief and below, this probable cause negates all of Plaintiff's claims under § 1983.

## II.     Plaintiff Fundamentally Misunderstands Probable Cause.

Plaintiff spends much of his brief arguing why he should not have been arrested for disorderly conduct. He attempts to argue no probable cause existed because each element of disorderly conduct was not present and that he was found not guilty. *See, e.g.,* Pl.'s Br. at 8-10. This argument, however, demonstrates how little Plaintiff understands probable cause.

Probable cause exists where the arresting officer knows of conduct or facts that would lead a reasonable man to believe the suspect had violated the law. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991). The arresting officer does not need to have proof beyond a reasonable doubt or even a preponderance of the evidence that a crime has been committed to have probable cause. *Maryland v. Pringle*, 540 U.S. 366, 371 (2003). As such, every element of the offense need not be present to give an officer probable cause to arrest. *Adams v. Williams*, 407 U.S. 143, 149 (1972). Furthermore, that the arrestee is later found not guilty at trial has no bearing on whether probable cause existed or not. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979).

The Court must look at the totality of the circumstances that led to the arrest. *Illinois v. Gates*, 462 U.S. 213, 230 (1983). This totality-of-the-circumstances approach allows for the consideration of seemingly innocent events to provide probable cause when considered together.

*See District of Columbia v. Wesby*, 138 S. Ct. 577, 588 (reversing and remanding because the district court erroneously considered each event in the probable cause analysis individually instead of as a whole). Because probable cause is purely objective, the arresting officer's state of mind or motivations are of no importance. *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) (citing *Whren v. United States*, 517 U.S. 806, 812-13 (1996)). Probable cause to arrest exists if there is an objectively reasonable cause to believe a crime has been committed, regardless of what reason the officer gives for arresting the suspect. *Id*.

In the present case, there is probable cause to believe Plaintiff committed any number of crimes. For example, it is without dispute that Plaintiff was intending to cause a public inconvenience while on a public conveyance. These are two of the three elements of disorderly conduct and would be enough to support a probable cause finding. *See Adams*, 407 U.S. at 149 (every element of a crime need not be present to create probable cause). While Plaintiff disputes his conduct would incite those to whom he directed his conduct to violence, his opinion does not matter. The question is whether a reasonable officer, having witnessed or known about the totality of Plaintiff's conduct, would believe it has a tendency to cause a violent reaction. The answer here is a resounding yes. Plaintiff was, in effect, taunting law enforcement officers on a day where they were already on high alert. Additionally, the admitted actions of Plaintiff would lead a reasonable officer to believe Plaintiff had violated any number of laws, including possession of a controlled substance, assaulting an officer, or obstruction of justice. That Plaintiff was neither charged nor found guilty of any of these crimes has no bearing on the validity of his arrest. *Devenpeck*, 543 U.S. at 153-54. Thus, Plaintiff's argument that because he was not charged with anything but disorderly conduct or that the Commonwealth's Attorney who prosecuted the charge could not obtain a conviction on a crime is irrelevant to the determination of probable cause.

The factual allegations in the Complaint lead the Court to one conclusion: Sgt. Reyes objectively had probable cause to believe Plaintiff had committed a crime on the date in question. Consequently, Sgt. Reyes validly arrested Plaintiff. This valid arrest proves fatal to all of Plaintiff's claims under § 1983.

### III. The Presence of Probable Cause Negates All of Plaintiff's Constitutional Claims.

Sgt. Reyes went into great detail as to why the presence of probable cause negates all of Plaintiff's constitutional claims in his initial brief. *See* Def.'s Br. at 8-12 (ECF No. 12). With respect to the Court's time, he will only briefly restate the salient points of each argument here.

To maintain a First Amendment retaliation claim, a plaintiff must, among other things, show that the *only* reason for the arrest was retaliatory animus towards the protected speech. *Hartman v. Moore*, 547 U.S. 250, 259-60 (2006). The presence of probable cause is objective evidence that retaliatory animus was not the only reason for the arrest. *Nieves v. Bartlett*, 139 S.Ct. 1715, 1724 (2019). Thus, if probable cause exists, a claim for a retaliatory arrest under the First Amendment must fail. *Id.* at 1726. In the present case, it is without question that probable cause existed to arrest Plaintiff. Therefore, his First Amendment retaliation claim fails as a matter of law.

An unlawful arrest is one that lacks probable cause. *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996). Thus, when probable cause exists, a plaintiff cannot maintain a claim for an unlawful arrest. *McKinney v. Richland Cnty. Sheriff's Dept.*, 431 F.3d 415, 417 (4th Cir. 2005). Thus, an arrest is valid so long as there is probable cause to believe some crime has been committed, even if it is not related to the crime with which the officer charged the arrestee. *Devenpeck*, 543 U.S. at 153-54. Here, the probable cause to arrest Plaintiff for any number of

crimes means Sgt. Reyes validly arrested Plaintiff.

A key element of a § 1983 malicious prosecution claim is that there must be a lack of probable cause. *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2007). If there is probable cause, a malicious prosecution claim fails. *Nieves*, 139 S. Ct. at 1726. It is well-established that there was probable cause to arrest Plaintiff for a variety of crimes. This probable cause negates Plaintiff's malicious prosecution claim.

Therefore, it is unequivocal: the presence of probable cause negates all three of Plaintiff's claims under § 1983 for alleged First and Fourth Amendment violations. For these reasons, the Court must dismiss these claims with prejudice.

## IV. Plaintiff Has Failed Provide Legal Argument in Support of His Defamation Claim.

Plaintiff has failed to refute Sgt. Reyes' argument that Plaintiff failed to properly plead a case for defamation. Instead, he vaguely alleges that a case exists that vaguely supports his claim. He has provided no legal authority holding the Virginia does not require defamation claims be pled *in haec verba*. *See Fed. Land Bank of Baltimore v. Birchfield*, 173 Va. 200, 215, 3 S.E.2d 405, 410 (1939) (requiring the exact defamatory words to be included in the complaint to successfully plead a case for defamation). Plaintiff has also failed to argue why he has met the standard for pleading under Fed. R. Civ. P. 8, which requires more than just the bare elements of a claim to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). Indeed, even if the case Plaintiff referenced did exist, it is impossible to tell if this case provides any useful legal holdings on what must be pled to successfully maintain a defamation claim (or that it is in any way binding upon this Court). Sgt. Reyes would again direct the Court to Judge Brinkema's decision in *Mukuna v. Gibson*, 1:11-cv-493, 2011 WL 378336 (E.D. Va. Aug. 25, 2011), as it is precisely on point.

Thus, the Court must dismiss Plaintiff's defamation claim against Sgt. Reyes with prejudice.

## CONCLUSION

For these reasons, Sgt. Reyes respectfully requests that the Court dismiss, with prejudice, Plaintiff's Complaint in its entirety.

Date: October 11, 2021

Respectfully submitted,
SGT REYES

By: /s/ Matthew T. Anderson
William W. Tunner (VSB No. 38358)
Michael G. Matheson (VSB No. 82391)
Matthew T. Anderson (VSB No. 86322)
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Telephone: (804) 698-7545
Facsimile: (804) 780-1813
wtunner@t-mlaw.com
mmatheson@t-mlaw.com
manderson@t-mlaw.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was filed this 11th day of October, 2021 via the CM/ECF system. I further certify that, this same day, I mailed a copy to the following party:

Marc Stout
Robert Stout
30 Willow Branch Place
Fredericksburg, Virginia 22405
Telephone: (540) 408-9952
formulafocused@gmail.com
*Plaintiffs Pro Se*

                                          By: /s/ Matthew T. Anderson
                                          William W. Tunner (VSB No. 38358)
                                          Michael G. Matheson (VSB No. 82391)
                                          Matthew T. Anderson (VSB No. 86322)
                                          *Thompson*McMullan, P.C.
                                          100 Shockoe Slip, Third Floor
                                          Richmond, Virginia 23219
                                          Telephone: (804) 698-7545
                                          Facsimile: (804) 780-1813
                                          wtunner@t-mlaw.com
                                          mmatheson@t-mlaw.com
                                          manderson@t-mlaw.com
                                          *Counsel for Defendant*