IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MARC STOUT, )<br>)<br>_Plaintiff_, )<br>)<br>v. )<br>)<br>SGT. REYES, )<br>)<br>_Defendant_. )<br>) | Civil Action No. 1:21-cv-00896<br>Hon. Liam O'Grady |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on Defendant Sargent Reyes's Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 9. Plaintiff Marc Stout, *pro se*, has filed a Complaint for Violation of Civil Rights against Sgt. Reyes under 42 U.S.C. § 1983. Dkt. 1. Based on the following analysis, Defendant Sgt. Reyes's Motion to Dismiss, Dkt. 9, is hereby **GRANTED**.

### I. BACKGROUND

Plaintiff Marc Stout, *pro se*, sues Sargent Reyes of the Fredericksburg Sheriff's Department in his individual capacity under 48 U.S.C. § 1983. Dkt. 1 at 2. In his Complaint, Plaintiff alleges, *inter alia*, a loss of dignity, privacy, status and superiority, as well as severe fright, anxiety, paranoia and distrust. Plaintiff seeks compensatory damages of $100,000 and punitive damages of $100,000. *Id.* at 5.

The incidents giving rise to Plaintiff's Complaint occurred on October 20, 2020 between 8am and 4pm outside the Fredericksburg Courthouse. Plaintiff states that he was at the Courthouse that day to engage in protests related to the killings of George Floyd and Breonna

Taylor. Dkt. 1-1 at 2. In Plaintiff's own words, Plaintiff states that he was arrested for the following conduct:

> "Tone and volume of Marc Stout's voice; Challenging the police to arrest Marc Stout; Threatening to blow weed smoke in the direction of an officer's face; Making eye-contact with deputies while shadow-boxing on the sidewalk; 'Unsafe' climbing; Jumping around; Sprinkling water; Sprinkling water in the direction of an empty police cruiser parallel parked on a public street; Kicking leaves about the tire of an empty police cruiser parallel parked on a public street; Huddling down in the direction of an empty police cruiser parallel parked on a public street; Pulling on the passenger door handle of an occupied police cruiser parallel parked on a public street while gesturing to enter the vehicle for declined conversation with the office." Dkt. 1-1 at 2-3.

Plaintiff asserts that he was then the victim of malicious prosecution, as Defendant Sgt. Reyes had no probable cause to arrest him. Specifically, Plaintiff asserts that he was arrested for a violation of Virginia Code § 18.2-415(A)(1), Disorderly conduct in public places, without probable cause. *Id.* at 3. Relatedly, Plaintiff states that he was the victim of a retaliatory arrest in violation of the First Amendment.

Plaintiff further asserts that he was the victim of Defamation – that, after Plaintiff's arrest, "the defendant's co-worker deputies… went outside and made defamatory, embarrassing, and humiliating character statements about [Plaintiff]." *Id.*

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), a Court evaluates a Plaintiff's claims under *Twombly-Iqbal*'s plausibility standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under this standard, the Court accepts as true the Plaintiff's well-pleaded allegations, and views the complaint in the light most favorable to the non-movant. *T.G. Slater & Son, Inc. v. Donald P. and Patricia Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004). The Plaintiff must provide more than merely "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Rather,

2

Plaintiff must "allege facts sufficient to raise a right to relief above the speculative level, stating a claim that is plausible on its face, rather than merely conceivable." *Vuyyuru v. Wells Fargo Bank, N.A.*, 2016 WL 356087, at *2 (E.D. Va. Jan. 28, 2016) (citing *Iqbal*, 556 U.S. at 678).

### III. DISCUSSION

There appears to be little debate over the facts of this case. Defendant does not disagree with Plaintiff's characterization of the circumstances of Plaintiff's arrest. *See* Dkt. 10 at 2. Moreover, as this is a Motion to Dismiss, the Court must accept the Plaintiff's well-pleaded allegations as true. Nevertheless, in the Motion to Dismiss, Defendant asserts that Plaintiff's claims that Plaintiff was subject to malicious prosecution and defamation must fail as a matter of law. Defendant is correct in this position. Each of these issues is addressed in turn.

#### A. Malicious Prosecution and Retaliatory Arrest

Plaintiff claims that he was the victim of malicious prosecution and retaliatory arrest because Defendant Sgt. Reyes had no probable cause to arrest him while he was protesting at the Fredericksburg Courthouse. Defendant counters that Plaintiff's conduct did in fact give Defendant probable cause to believe that Plaintiff had committed numerous crimes, including disorderly conduct. Dkt. 10 at 2. Defendant states that "this probable cause is fatal to all of Plaintiff's claims under 42 U.S.C. § 1983, as this probable cause bars complaints for First Amendment retaliation, unreasonable seizure, and malicious prosecution." *Id.* In First Amendment retaliatory arrest claims such as this one, plaintiffs must plead and prove an absence of probable cause. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1724 (2019). Where there is probable cause, it will serve as strong evidence that the arrest was not retaliatory. *Id.*

Probable cause exists when, at the moment of arrest, the arresting officer knows facts or circumstances that would lead a reasonable person to believe that the suspect has violated the

3

law. *See Hunter v. Bryant*, 502 U.S. 224, 228 (1991). Probable cause is an objective standard, meaning that the arresting officer's state of mind is irrelevant in determining whether probable cause exists. *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004).

Under Va. Code. § 18.2-415(A)(1),

> "A person is guilty of disorderly conduct if, with the intent to cause public inconvenience, annoyance, or alarm, or recklessly creating a risk thereof, he... In any street, highway, or public building, or while in or on a public conveyance, or while in a public place engages in conduct having a direct tendency to cause acts of violence by the person or persons whom, individually, such conduct is directed."

Given Plaintiff's conduct, including threatening to blow weed smoke in an officer's face, making eye-contact with officers while shadow-boxing on the sidewalk, climbing on the building, trying to get into an officer's car, and throwing water at officers, the Court finds that a reasonable officer would indeed have probable cause to believe that Plaintiff was intending to cause a public inconvenience or annoyance while in a public space. As such, Plaintiff was not the subject of a malicious prosecution or retaliatory arrest. Because Plaintiff's arrest was supported by probable cause, his claims under 48 U.S.C. § 1983 for malicious prosecution and retaliatory arrest under the First Amendment must be dismissed.

### B. Defamation

Plaintiff additionally alleges that he was the victim of Defamation – that, after his arrest, "the defendant's co-worker deputies... went outside and made defamatory, embarrassing, and humiliating character statements about [Plaintiff]." Dkt. 1-1 at 3. Plaintiff further states that Defendant contacted the Free-Lance Star, a local news publication, and informed a journalist for that publication about Plaintiff's arrest for disorderly conduct. *Id.*

Defendant notes that, under Virginia law, a complaint alleging defamation must contain the exact alleged defamatory words. *See Fed. Land Bank of Balt. v. Birchfield*, 173 Va. 200, 215,

4

3 S.E.2d 405 (1939). ("[T]he pleading must… purport to give the exact words. Not only must the exact words be charged, but they must be proven, or at least a sufficient number proven to make out a good cause of action. Words equivalent or of similar import are not sufficient."); *see also Mukuna v. Gibson*, No. 1:11-cv-493, 2011 WL 3793336 (Brinkema, J.) (dismissing Plaintiff's complaint, in part because he failed to plead exact defamatory words). Plaintiff concedes that he did not allege any specific defamatory words. *See* Dkt. 12 at 10. As such, this aspect of Plaintiff's claim must also be dismissed.

## IV. CONCLUSION

Because Defendant's arrest of Plaintiff was supported by probable cause, Plaintiff's claim that he was subject to malicious prosecution or First Amendment retaliatory arrest must fail. Additionally, because Plaintiff did not allege any specific defamatory words, his defamation claim must fail. As such, Defendant's Motion to Dismiss, Dkt. 9, is **GRANTED**.

It is **SO ORDERED.**

October 28, 2021
Alexandria, Virginia

Liam O'Grady
United States District Judge